Anthony J. SCARLATI et al., Plaintiffs,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. No. 450–65.

United States District Court
District of Columbia.

Oct. 27, 1966.

---

Martin Faier, Chicago, Ill., for plaintiffs.

Joseph Nakamura, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.Code § 145 for an adjudication authorizing the issuance of a patent on an application that the Commissioner has rejected.

The application in question was filed by Anthony J. Scarlati and Vito N. Dastice on January 8th, 1960, Serial No. 1307. It relates to a process or method for coating Christmas trees with simulated snow. The trade name of a process of coating appears to be "flocking". While apparently the applicants had in mind the use of their process for coating Christmas trees, actually both the specifications and the claims indicate that it is not to be limited to that one purpose.

The method used for the purpose involved in this case prior to the plaintiffs' invention consisted of employing a dry coating material or dry flock, as it is called in the trade, and a liquid adhesive. A stream of each of the two substances would be directed toward the substance to be coated. The applicants developed a procedure or process of using a mixture consisting of a dry adhesive and powdered flock, spraying the mixture on the substance to be coated and at the same time spraying water on the mixture. The plaintiff Scarlati testified that the crux of his invention was the substitution of a dry adhesive for a liquid adhesive and using a mixture of the dry adhesive with powdered flock instead of using a dry flock and a liquid adhesive in separate streams.

This application was rejected by the Patent Office principally on the basis of a patent to Nichols, No. 2495540, issued on January 24, 1950. The Nichols patent disclosed a similar process. Nichols, however, indicated as a use for his process, the coating of walls of furnaces and similar structures. Nevertheless, neither his disclosure nor his claims are limited to this use.

In this case the Examiner made the following comments in his answer before the Board of Appeals of the Patent Office:

"The claimed flocking method is considered to be obvious to one of ordinary skill in the art in view of the

coating method defined in claims 1 to 4 of the Nichols et al. patent."

He also stated that the Nichols patent "is cited as of interest because it also suggests that the claimed method would be obvious to one of ordinary skill in the coating art."

The Board of Examiners affirmed the Examiner's rejection with the following statement:

"We will sustain this rejection because we are convinced that the claimed process would have been obvious to a person of ordinary skill in the subject art from the references relied on."

Again the Board stated:

"Appellants' claimed process does not differ from that of Nichols et al. in any substantial procedural aspect."

■ It is claimed by counsel for the plaintiffs, however, that the Nichols patent relates to an art that is not analogous to that of the Scarlati application. Apparently this contention is based upon the fact that the uses illustrated in the two disclosures are quite different from each other. However, the claims involved in both the Scarlati application and the Nichols patent, as well as the disclosures, are directed to a process of flocking or coating generally and are not limited to any particular use. It is of interest to note that the Nichols patent and the Scarlati application were both classified by the Patent Office in the same class, namely, Class 117–27. The Court feels that it must defer in this matter to the expertise of the Patent Office.

Entirely aside from the precise grounds upon which the action of the Patent Office was predicated, the Court is independently of the opinion that the forward step taken by the plaintiffs in this case would be obvious to a person of ordinary mechanical skill in the art of coating materials and that the alleged invention was the product of mechanical skill rather than of the inventive faculty.

■ Evidence of considerable commercial success was introduced. It is hardly necessary to observe that evidence of commercial success may be of value in a close or doubtful case, but it is by no means conclusive. It must also be noted that the commercial success concerning which testimony was given was the sale of the flocking material or flocking mixture devised by the applicants, for which it is understood they have an application pending. The claims involved in this case are purely process claims and are not directed to any material. To be sure, Mr. Scarlati stated that he understood that 95 percent of the trade are using his process. He did not indicate how he knew this. Very likely his testimony was, to some degree, at least, based on hearsay. But his principal sales, in any event, were those of the mixture that he devised and the commercial success that he achieved consists of sales of that mixture.

■ Finally, it must be observed that it is the law in this Circuit, in connection with actions under 35 U.S.C. § 145, to secure the granting of a patent, that doubts must be resolved against the applicant and in favor of the Patent Office. There are numerous authorities in this jurisdiction to that effect, the latest of which is Reynolds v. Aghnides, 123 U.S.App.D.C. 28, 356 F.2d 367. There are two reasons for this doctrine. The first is that doubts should be resolved in favor of the correctness of administrative action, in this instance, rejection of the application. There is also a broader ground. The granting of a patent is a grant of a monopoly for a long period of time and it seems to be in the public interest that monopolies should not be lightly awarded and that doubts as to the right to such a grant in any case should be resolved against the applicant.

■ The Court perceives no basis for disagreeing with the conclusion reached by the Patent Office. Accordingly, judgment will be rendered on the merits dismissing the complaint.

Counsel may submit proposed findings and conclusions of law.